# MOTION FOR PRETRIAL HEARING

No.2:23-cv 05146-GEKP

Plaintiff Peter Sauers Pro-se Plaintiff

Vs.

Defendants Oak Property Management, Ashley Management Co., County Builders, Mike Meister, and Kevin Reilly

Allegations Of Violations of "U.S.C. Fraud on the court" statute (28 § 2111), Constitutionally Protected Rights and Laws of the land.

Evidentiary Support: Primer Factual Elements. The federal criminal investigations, Indictments, convictions, resignation, over 8 Westview Tax parcel 21-003-111 (R-2) and Ave, 531 street Road Tax parcel 21-003-114 (R1) to date, now in use as a commercial property for forty-eight townhouses development and new roads in illegal Acts confirmed On August 24, 2018, the Pennsylvania Department of Labor and Industry opened an investigation into the Lower Southampton Zoning and Building Department because of the findings from the Keystone Report.

1

The 531 West Street Road Project and Oak Properties/Ashley Property Management explicitly named in the report, the Defendant's all Defendant's took part in "fraud on the court" by employment of Attorneys' malfeasance, conflict of interest as Michael J. Savona Esq., Solicitor was convicted of federal bribery and corruption charges for his acts as Township Solicitor noted working jointly with Michael E. Peters, Esq. Mr. Robert Hoopes Esq, Judge John Waltman. Investigations of the F.B.I Plaintiff Peter Sauers was in contact with in relation to, Resolution No.2017-20 approved on the 12th day of April 2017 for commercial use. *Anderson v. Warner,* 451 F.3d 1063, 1067 (9th Cir. 2006). It provides that": "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress". The New Complaint.

2

Cause of action, New Complaint Judicial Relief for fraud on the court and fraud: Nudd v. Burrows, 91 U.S 426. "Fraud vitiates everything" Boyce v. Grundy, 3 Pet. 210 "Fraud vitiates the most solemn contracts, documents and even judgments." Twombly. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), was a decision of the Supreme Court of the United States involving antitrust law and civil procedure. established that parallel conduct, absent evidence of agreement, pleading requirement for civil cases. Requiring for Plaintiff include enough facts in their complaint to make it plausible, not merely possible. Victim, Plaintiff meets his burden in this case.  "Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974) Note: By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law, when a judge does not follow the law. The Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect". Plaintiffs Denied government for redress in lower courts.

3

Private property taken by Defendants for public use. Resolution No.2017-20 approved on the 12th day of April 2017 for commercial use solely for Defendants Oak Property Management, Ashley Management Co., County Builders, Mike Meister, and Kevin Reilly. Legal duty of Defendants disregarded causing Plaintiff damages. Plaintiff invokes his Constitutionally Protected Rights against Defendants.

Verification PLAINTIFF/ PETER SAUERS Pro-se the Plaintiff verifies that he is representing himself in this action, and that the statements made in the forgoing is true and correct to the best of his knowledge, information and belief and the testimony and what's on record. He understands that false statements made herein are subject to the penalties of law. Plaintiff reserves the right to amend.

Plaintiff Peter Sauers Pro-se Plaintiff
32 N. Westview Avenue Feasterville, PA 19053
215 805-2421 Cell - Home 215 396-6811      Date 3, 25,2024

Filed: United States District Court Eastern District of Pennsylvania James A. Byrne U.S. Courthouse. 601 Market Street. Philadelphia, PA

I HEREBY CERTIFY that a true and correct copy and copies of the foregoing will served upon Stephen B. Harris Esq. of HARRIS AND HARRIS 1760 Bristol Rd, Warrington, PA 18976 Phone: (215) 343-9000 US mail.

4

# ANSWER TO DEFENDANTS MOTION FOR SANTIONS DATED MARCH 19, 2024, and MOTION TO DISMISS

BEFORE: THE HONORABLE GENE E.K. PRATTER, J.
United States District Court Eastern District of Pennsylvania
James A. Byrne U.S. 1063 Courthouse.
601 Market Street. Philadelphia, PA


No.2:23-cv 05146-GEKP


Plaintiff Peter Sauers Pro-se Plaintiff

Vs.

Defendants Oak Property Management, Ashley Management Co., County Builders, Mike Meister, and Kevin Reilly


Plaintiff Peter Sauers Pro-se Plaintiff /
32 N. Westview Avenue Feasterville, PA 19053
215 805-2421 Cell - Home 215 396-6811
psauers4@comcast.net

Defendants Attorneys Stephen B. Harris Esq. of HARRIS AND HARRIS 1760 Bristol Rd, Warrington, PA 18976 Phone: (215) 343-9000


Defendants New Attorneys are on a fishing trip whit frivolous argument, no support, and false accusations to the court. Violated 14th Amendment in mandatory certified notices, Due process, Equal Protection violations confirmed in this Court.



1

One: SANCTIONS ORDER, *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972), was a landmark decision of the US Supreme Court involving the right to make petitions to the government. The right to petition is enshrined in the First Amendment to the United States Constitution as: "Congress shall make no law...abridging...the right of the people...to petition the Government for a redress of grievances." HAINES v. KERNER ET AL. Plaintiff: "Allegations, we conclude that he is entitled to an opportunity to offer proof. The judgment is reversed, and the case is remanded for further proceedings consistent herewith". A First Amendment Rights to freedom of speech and to petition the government for redress of grievances. DiSarrio v. Mills, 711 So.2d 1355 (Fla. 2d DCA 1998) Unsworn argument by counsel simply "is not evidence." Sherar v. Cullen, 481 F. 2d 946 (1973) "There can be no sanction or penalty imposed upon one because of his exercise of constitutional rights. Stephen B. Harris Esq is incorrect and is disregarding. "U.S.C. Fraud on the court" statute (28 § 2111) in 1,2,3,4,5,6,7,8 (a)(b). in new case.

2

Nudd v. Burrows, 91 U.S 426. "Fraud vitiates everything" Boyce

v. Grundy, 3 Pet. 210 "Fraud vitiates the most solemn contracts,

documents and even judgments." Twombly. Bell Atlantic Corp. v.

Twombly, 550 U.S. 544 (2007), was a decision of the Supreme

Court of the United States involving antitrust law and <u>civil</u>

<u>procedure.</u> established that parallel conduct, absent evidence of

agreement, pleading requirement for civil cases. Requiring for

Plaintiff include enough facts in their complaint to make it

plausible, not merely possible. Victim, Plaintiff meets his burden

in this new case.

On JUNE 17, 2016, BEFORE: THE HONORABLE GENE E.K.

PRATTER, J. PRETRIAL CONFERENCE  NOVEMBER 8, 2016

BEFORE: THE HONORABLE GENE E.K. PRATTER, J.
MOTION TO DISMISS.
(Tc) MR. PETERS: Good afternoon, Your Honor. Mike

Peters with Eastburn & Gray, Solicitor for Lower Southampton

Township. MR. PETERS: And they are. And they are, Your

Honor, and I'll explain as precisely as I can.

3

In 2012, this property was rezoned to heavy commercial. The property is surrounded by residential properties. And in 2015, the current equitable or legal owner of the property, I don't remember which, applied to the zoning

hearing board of Lower Southampton Township in August 2015 for relief to permit a residential development on a commercial property. That zoning relief was granted, and as currently planned, there is a townhouse development going in on a commercial property.

In 2023. Defendants were personally involved in Conflict-of-interest in transactions with Township officials in arbitrary exercise of the municipality's police powers breach of duty for financial gain. Wrongful action, The date of Settlement of 10 18 2013 on 8 Westview Tax parcel 21-003-111 (R-2) Ave, 531 street Road Tax parcel 21-003-114 (R1) same year to my understanding. Resolution No.2017-20 approved 12th day of April 2017 for commercial use, two zoning maps in used removing equal protection for residents.

On August 24, 2018, the Pennsylvania Department of Labor and Industry opened an investigation into the Lower Southampton Zoning and Building Department because of the findings from the Keystone Report, which reviewed 26 representative sample building and zoning permits for irregularities and compliance with department procedures. 531 West Street Road Project and Oak Properties/Ashley Property Management explicitly named in the report, the Defendant's all Defendant's took part in "fraud on the court". The cart before the horse in approval in the Court of Common Plea Now in 2023 Honorable Judge Wallace Bateman Jr. Stated in a Judicial opinion was 531 West Street Road Project has NO zoning changes or violations and is R1 and R2.

8 (c) is in HONORABLE GENE E.K. PRATTER, Court Original Legal counsel Michael E. Peters, Esq., Michael J. Savona, Esq., John A. Vanluvanee Esq of Eastburn & Gray, Doylestown, PA. Mr. Robert Hoopes Esq. of Doylestown, District Judge John Waltman. Convicted in Federal Court Savona, Hoopes and Waltman all had a close nexus. All have support for Plaintiff Peter Sauers in (Tc).

9 and 10 has No support as Michael E. Peters, Esq., Solicitor for Lower Southampton Township was working for Defendants Oak Property Management, Ashley Management Co., County Builders, Mike Meister, and Kevin Reilly.

Verification PLAINTIFF/ PETER SAUERS Pro-se the Plaintiff verifies that he is representing himself in this action, and that the statements made in the forgoing is true and correct to the best of his knowledge, information and belief and the testimony and what's on record. He understands that false statements made herein are subject to the penalties of law. Plaintiff reserves the right to amend.

Plaintiff Peter Sauers Pro-se Plaintiff
32 N. Westview Avenue Feasterville, PA 19053
215 805-2421 Cell - Home 215 396-6811        Date
3 - 25 - 24

Filed: United States District Court Eastern District of Pennsylvania James A. Byrne U.S. Courthouse. 601 Market Street. Philadelphia, PA

I HEREBY CERTIFY that a true and correct copy and copies of the foregoing will served upon Stephen B. Harris Esq. of HARRIS AND HARRIS 1760 Bristol Rd, Warrington, PA 18976 Phone: (215) 343-9000 US mail.

*Stephen B. Harris*
sharris@harris-palaw.com

*Gregory L. Stern*
gstern@harris-palaw.com

*John S. Thome, Jr.*
jthome@harris-palaw.com
*Of Counsel*

# Harris and Harris
## Attorneys at Law
1760 Bristol Road
P.O. Box 160
Warrington, Pennsylvania 18976

*Arthur B. Harris*
(1916-2000)

Telephone
215-343-9000

Telecopier
215-343-9012

March 19, 2024

Honorable Gene E.K. Pratter
U.S. District Court for the
Eastern District of Pennsylvania
1063 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> Re:   Sauers v. Oak Property Management LP, Ashley Management Co.,
>       County Builders, Mike Meister, Kevin Reilly
>       <u>United States District Court Docket No. 2:23-cv-05146-GEKP</u>

Dear Judge Pratter:

Enclosed please find a copy of Defendants' Rule 11 Motion for Sanctions that was filed on March 19, 2024. This is being sent to you pursuant to your Pre-Trial Procedures III.D.

Very truly yours,

HARRIS AND HARRIS

Stephen B. Harris

SBH:bjf
Enc.
cc:    Peter Sauers (w/enc.)

E:\WPDOCS\Maria\County Builders\US District Court\Pratter(MotForSanctions)3-19-24.docx

*A Professional Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER SAUERS, Pro-Se | : | NO. 2:23-cv-05146-GEKP |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| OAK PROPERTY MANAGEMENT LP, | : | |
| ASHLEY MANAGEMENT CO., | : | |
| COUNTY BUILDERS, | : | |
| MIKE MEISTER and KEVIN REILLY, | : | |
| Defendants | : | |

## SANCTIONS ORDER

AND NOW, this _____ day of _____, 2024, sanctions are
ORDERED against the Plaintiff as follows:

1. Dismissal of the action;

2. Payment of a penalty into Court of $_____ for filing a frivolous
   Complaint;

3. Reimbursement to Defendants of attorney's fee in defending this action in
   the amount of $_____;

4. Reimbursement to Defendants of reasonable expenses in the amount of
   $_____; and

5. Entry of a permanent injunction against future lawsuits and administrative
   proceedings of the same allegations underlying the instant case in both the
   Federal and State Courts.

BY THE COURT:

_____ J.

HARRIS AND HARRIS
By: Stephen B. Harris, Esquire                    Attorney for Defendants
Attorney I.D. No. 01928
1760 Bristol Road, P. O. Box 160
Warrington, PA  18976
(215) 343-9000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER SAUERS, Pro-Se                    :        NO. 2:23-cv-05146-GEKP
                    Plaintiff             :
                                          :
        v.                                :
                                          :
OAK PROPERTY MANAGEMENT LP,               :
ASHLEY MANAGEMENT CO.,                    :
COUNTY BUILDERS,                          :
MIKE  MEISTER and KEVIN REILLY,           :
                    Defendants            :

## RULE 11 MOTION FOR SANCTIONS

        AND NOW COME the Defendants by and through undersigned counsel, pursuant to

Federal Rule of Civil Procedure 11 and move your Honorable Court to impose sanctions upon the

Plaintiffs.  In support thereof, Defendants state the following:

        1.        Pro Se Plaintiff, Peter Sauers, has burdened the Courts, both State and Federal, and

the Defendants with rambling, incomprehensible, frivolous, repetitive lawsuits. He previously

filed claims against Lower Southampton Township in the Court of Common Pleas of Bucks

County and then in your Honorable Court.  After both were dismissed, he filed claims against the

above individual Defendants, first in your Honorable Court and then in the Court of Common

Pleas of Bucks County and the Pennsylvania Superior Court and now for the second time, in

Federal Court.

2.      All of the suits involve the same claims that Lower Southampton Township improperly issued zoning decisions and permits in 2015 permitting the Defendants to develop property in Lower Southampton which is adjacent to the Plaintiff's property.

3.      All of the prior suits were dismissed by the trial court and affirmed on appeal.

4.      The current suit as above captioned involves the same claims made by the Plaintiff in all of the previous suits.

5.      Undersigned counsel served Plaintiff with a letter requesting the withdrawal of the Complaint on January 5, 2024 (Exhibit "A") and served Plaintiff with a copy of this Motion on February 22, 2024 (Exhibit "B").

6.      All of Plaintiff's pleadings and filings presented to the Courts contained speculation and conclusory allegations which are rambling and incomprehensible.

7.      28 U.S.C.A. §1927 provides for sanctions against frivolous, unreasonable or bad faith litigation.

8.      Plaintiff's conduct in filing the serial Complaints violates Rule 11(b) in the following respects:

   (a)      Plaintiff's presentation of the current suit, after his prior identical suits were dismissed and affirmed on appeal and confirmed, is filed to harass, cause unnecessary delay and to needlessly increase the cost of litigation;

   (b)      The current Complaint is clearly not warranted by existing law and presents a frivolous argument; and

   (c)      The factual contentions posed by the Plaintiff do not have evidentiary support.

9.    It is very likely that the Plaintiff will continue to file suits in State and Federal Courts unless prohibited from doing so by the Court.

10.    The Defendants seek the imposition of sanctions as follows:

(a)    Reimbursement of reasonable expenses;

(b)    Reimbursement of attorney's fees in defending this action;

(c)    Pay a penalty into Court for filing a frivolous Complaint;

(d)    Dismissal of the action;

(e)    Entry of a permanent injunction against future lawsuits and administrative proceedings arising out of the same allegations underlying the instant case in both the Federal and State Courts.

WHEREFORE, it is requested that this Honorable Court impose the sanctions requested above.

Respectfully submitted,

HARRIS AND HARRIS

By: _____
Stephen B. Harris, Esquire
Attorney for Defendants

E:\WPDOCS\Maria\County Builders\US District Court\Motion for Sanctions (2-8-24).docx

HARRIS AND HARRIS
By: Stephen B. Harris, Esquire                    Attorney for Defendants
Attorney I.D. No. 01928
1760 Bristol Road, P. O. Box 160
Warrington, PA  18976
(215) 343-9000

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER SAUERS, Pro-Se | : | NO. 2:23-cv-05146-GEKP |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| OAK PROPERTY MANAGEMENT LP, | : | |
| ASHLEY MANAGEMENT CO., | : | |
| COUNTY BUILDERS, | : | |
| MIKE MEISTER and KEVIN REILLY, | : | |
| Defendants | : | |

### CERTIFICATE OF SERVICE

I, STEPHEN B. HARRIS, ESQUIRE, of Harris and Harris, attorneys for the

Defendants, do hereby certify that I caused true and correct copies of **Rule 11 Motion for Sanctions**

to be served this date on the following individual by sending same by first class mail, postage prepaid:

Peter W. Sauers
32 North Westview Ave.
Feasterville, PA 19053

HARRIS AND HARRIS

Dated:  3 | 19 | 24                    By:  _____
                                       Stephen B. Harris, Esquire
                                       Attorney for Defendants

E:\WPDOCS\Maria\County Builders\US District Court\COS.docx

MOTION FOR PRETRIAL HEARING

No.2:23-cv 05146-GEKP

Plaintiff Peter Sauers Pro-se Plaintiff

Vs.

Defendants Oak Property Management, Ashley Management Co., County Builders, Mike Meister, and Kevin Reilly

Allegations Of Violations of "U.S.C. Fraud on the court" statute (28 § 2111), Constitutionally Protected Rights and Laws of the land.

Evidentiary Support: Primer Factual Elements. The federal criminal investigations, Indictments, convictions, resignation, over 8 Westview Tax parcel 21-003-111 (R-2) and Ave, 531 street Road Tax parcel 21-003-114 (R1) to date, now in use as a commercial property for forty-eight townhouses development and new roads in illegal Acts confirmed On August 24, 2018, the Pennsylvania Department of Labor and Industry opened an investigation into the Lower Southampton Zoning and Building Department because of the findings from the Keystone Report.



1

The 531 West Street Road Project and Oak Properties/Ashley Property Management explicitly named in the report, the Defendant's all Defendant's took part in "fraud on the court" by employment of Attorneys' malfeasance, conflict of interest as Michael J. Savona Esq., Solicitor was convicted of federal bribery and corruption charges for his acts as Township Solicitor noted working jointly with Michael E. Peters, Esq. Mr. Robert Hoopes Esq, Judge John Waltman. Investigations of the F.B.I Plaintiff Peter Sauers was in contact with in relation to, Resolution No.2017-20 approved on the 12th day of April 2017 for commercial use. *Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006)*. It provides that": "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress". The New Complaint.

2

Cause of action, New Complaint Judicial Relief for fraud on the court and fraud: Nudd v. Burrows, 91 U.S 426. "Fraud vitiates everything" Boyce v. Grundy, 3 Pet. 210 "Fraud vitiates the most solemn contracts, documents and even judgments." Twombly. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), was a decision of the Supreme Court of the United States involving antitrust law and civil procedure. established that parallel conduct, absent evidence of agreement, pleading requirement for civil cases. Requiring for Plaintiff include enough facts in their complaint to make it plausible, not merely possible. Victim, Plaintiff meets his burden in this case.  "Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974) Note: By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law, when a judge does not follow the law. The Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect". Plaintiffs Denied government for redress in lower courts.

3

Private property taken by Defendants for public use. Resolution No.2017-20 approved on the 12th day of April 2017 for commercial use solely for Defendants Oak Property Management, Ashley Management Co., County Builders, Mike Meister, and Kevin Reilly. Legal duty of Defendants disregarded causing Plaintiff damages. Plaintiff invokes his Constitutionally Protected Rights against Defendants.

Verification PLAINTIFF/ PETER SAUERS Pro-se the Plaintiff verifies that he is representing himself in this action, and that the statements made in the forgoing is true and correct to the best of his knowledge, information and belief and the testimony and what's on record. He understands that false statements made herein are subject to the penalties of law. Plaintiff reserves the right to amend.

Plaintiff Peter Sauers Pro-se Plaintiff
32 N. Westview Avenue Feasterville, PA 19053
215 805-2421 Cell - Home 215 396-6811        Date 3, 25,2024

Filed: United States District Court Eastern District of Pennsylvania James A. Byrne U.S. Courthouse. 601 Market Street. Philadelphia, PA

I HEREBY CERTIFY that a true and correct copy and copies of the foregoing will served upon Stephen B. Harris Esq. of HARRIS AND HARRIS 1760 Bristol Rd, Warrington, PA 18976 Phone: (215) 343-9000 US mail.

4

# ANSWER TO DEFENDANTS MOTION FOR SANTIONS DATED MARCH 19, 2024, and MOTION TO DISMISS

BEFORE: THE HONORABLE GENE E.K. PRATTER, J.
United States District Court Eastern District of Pennsylvania
James A. Byrne U.S. 1063 Courthouse.
601 Market Street. Philadelphia, PA

No.2:23-cv 05146-GEKP

Plaintiff Peter Sauers Pro-se Plaintiff

Vs.

Defendants Oak Property Management, Ashley Management Co.,

County Builders, Mike Meister, and Kevin Reilly

Plaintiff Peter Sauers Pro-se Plaintiff /
32 N. Westview Avenue Feasterville, PA 19053
215 805-2421 Cell - Home 215 396-6811
psauers4@comcast.net

Defendants Attorneys Stephen B. Harris Esq. of HARRIS AND
HARRIS 1760 Bristol Rd, Warrington, PA 18976 Phone: (215)
343-9000

Defendants New Attorneys are on a fishing trip whit frivolous
argument, no support, and false accusations to the court.
Violated 14th Amendment in mandatory certified notices, Due
process, Equal Protection violations confirmed in this Court.

One: SANCTIONS ORDER, *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972), was a landmark decision of the US Supreme Court involving the right to make petitions to the government. The right to petition is enshrined in the First Amendment to the United States Constitution as: "Congress shall make no law...abridging...the right of the people...to petition the Government for a redress of grievances." HAINES v. KERNER ET AL. Plaintiff: "Allegations, we conclude that he is entitled to an opportunity to offer proof. The judgment is reversed, and the case is remanded for further proceedings consistent herewith". A First Amendment Rights to freedom of speech and to petition the government for redress of grievances. DiSarrio v. Mills, 711 So.2d 1355 (Fla. 2d DCA 1998) Unsworn argument by counsel simply "is not evidence." Sherar v. Cullen, 481 F. 2d 946 (1973) "There can be no sanction or penalty imposed upon one because of his exercise of constitutional rights. Stephen B. Harris Esq is incorrect and is disregarding. "U.S.C. Fraud on the court" statute (28 § 2111) in 1,2,3,4,5,6,7,8 (a)(b). in new case.

2

Nudd v. Burrows, 91 U.S 426. "Fraud vitiates everything" Boyce

v. Grundy, 3 Pet. 210 "Fraud vitiates the most solemn contracts,

documents and even judgments." Twombly. Bell Atlantic Corp. v.

Twombly, 550 U.S. 544 (2007), was a decision of the Supreme

Court of the United States involving antitrust law and civil

procedure. established that parallel conduct, absent evidence of

agreement, pleading requirement for civil cases. Requiring for

Plaintiff include enough facts in their complaint to make it

plausible, not merely possible. Victim, Plaintiff meets his burden

in this new case.

On JUNE 17, 2016, BEFORE: THE HONORABLE GENE E.K.

PRATTER, J. PRETRIAL CONFERENCE  NOVEMBER 8, 2016

BEFORE: THE HONORABLE GENE E.K. PRATTER, J.
MOTION TO DISMISS.
(Tc) MR. PETERS: Good afternoon, Your Honor. Mike

Peters with Eastburn & Gray, Solicitor for Lower Southampton

Township. MR. PETERS: And they are. And they are, Your

Honor, and I'll explain as precisely as I can.

In 2012, this property was rezoned to heavy commercial. The property is surrounded by residential properties. And in 2015, the current equitable or legal owner of the property, I don't remember which, applied to the zoning hearing board of Lower Southampton Township in August 2015 for relief to permit a residential development on a commercial property. That zoning relief was granted, and as currently planned, there is a townhouse development going in on a commercial property.

In 2023. Defendants were personally involved in Conflict-of-interest in transactions with Township officials in arbitrary exercise of the municipality's police powers breach of duty for financial gain. Wrongful action, The date of Settlement of 10 18 2013 on 8 Westview Tax parcel 21-003-111 (R-2) Ave, 531 street Road Tax parcel 21-003-114 (R1) same year to my understanding. Resolution No.2017-20 approved 12th day of April 2017 for commercial use, two zoning maps in used removing equal protection for residents.

4

On August 24, 2018, the Pennsylvania Department of Labor and Industry opened an investigation into the Lower Southampton Zoning and Building Department because of the findings from the Keystone Report, which reviewed 26 representative sample building and zoning permits for irregularities and compliance with department procedures. 531 West Street Road Project and Oak Properties/Ashley Property Management explicitly named in the report, the Defendant's all Defendant's took part in "fraud on the court". The cart before the horse in approval in the Court of Common Plea Now in 2023 Honorable Judge Wallace Bateman Jr. Stated in a Judicial opinion was 531 West Street Road Project has NO zoning changes or violations and is R1 and R2.

8 (c) is in HONORABLE GENE E.K. PRATTER, Court Original Legal counsel Michael E. Peters, Esq., Michael J. Savona, Esq., John A. Vanluvanee Esq of Eastburn & Gray, Doylestown, PA. Mr. Robert Hoopes Esq. of Doylestown, District Judge John Waltman. Convicted in Federal Court Savona, Hoopes and Waltman all had a close nexus. All have support for Plaintiff Peter Sauers in (Tc).

5

9 and 10 has No support as Michael E. Peters, Esq., Solicitor for Lower Southampton Township was working for Defendants Oak Property Management, Ashley Management Co., County Builders, Mike Meister, and Kevin Reilly.


Verification PLAINTIFF/ PETER SAUERS Pro-se the Plaintiff verifies that he is representing himself in this action, and that the statements made in the forgoing is true and correct to the best of his knowledge, information and belief and the testimony and what's on record. He understands that false statements made herein are subject to the penalties of law. Plaintiff reserves the right to amend.

Plaintiff Peter Sauers Pro-se Plaintiff
32 N. Westview Avenue Feasterville, PA 19053
215 805-2421 Cell - Home 215 396-6811      Date 2/24 2024
3 - 25 2024

Filed: United States District Court Eastern District of Pennsylvania James A. Byrne U.S. Courthouse. 601 Market Street. Philadelphia, PA

I HEREBY CERTIFY that a true and correct copy and copies of the foregoing will served upon Stephen B. Harris Esq. of HARRIS AND HARRIS 1760 Bristol Rd, Warrington, PA 18976 Phone: (215) 343-9000 US mail.



PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRIORITY® MAIL

**FROM:** PETER SAUERS
32 W WESTVIEW AV.
FEASTERVILLE PA
19053

RECEIVED
MAR 2 6 2024
BY:

(ctions apply).*
any international destinations.

is required.

exclusions see the

and limitations of coverage.

NO: 2:23 CV
05146 GEKP

**TO:** US DIS. COURT
1063 US COURT
HOUSE
601 MARKET ST.
PHILA. PA.
19106

TRACKED ∎ INSURED

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

EP14F July 2022
OD: 12 1/2 x 9 1/2

PS00001000014