IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETER SAUERS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 23-5146** |
| | : | |
| **OAK PROPERTY MANAGEMENT,** | : | |
| **ASHLEY MANAGEMENT CO.,** | : | |
| **COUNTY BUILDERS, MIKE** | : | |
| **MEISTER, KEVIN REILLY** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                                                                                                      **June 10, 2024**

      Property owners upset with local townhouse development and zoning decisions may, like all citizens, protest and sue to stop state actors from affecting their property rights. They may bring their claims into our limited subject matter jurisdiction if they can show a federal question. But they cannot repeatedly sue the same parties on facts known, fully presented, and dismissed on related claims years ago. Our traditions, embodied in the doctrine of res judicata, prohibit disappointed parties from repeatedly burdening the public square with claims based on facts resolved years ago. We today dismiss a local property owner's most recent pro se attempt to recover for local township decisions made almost ten years ago. State court judges twice dismissed his claims. Judge Pratter dismissed his claims against the townhouse developers for lack of state action over forty months ago and denied him leave to amend. Our Court of Appeals affirmed Judge Pratter. The disappointed property owner again sues the same property developers for violating his civil rights. They are no more state actors today than when Judge Pratter dismissed these claims. We today dismiss his First, Fifth, and Fourteenth Amendment claims with prejudice as barred by res judicata. We dismiss a vague Seventh Amendment claim relating to a state judge decision without a jury with prejudice. We decline to exercise supplemental jurisdiction over the Pennsylvania claims.

I.      **Alleged *pro se* facts**

Peter Sauers owns property on North Westview Avenue in Lower Southampton Township, Pennsylvania.¹ His property is next to 531 West Street Road and near 8 North Westview Avenue.² His disputes over the last ten years arise from Oak Property Management, Ashley Management Company, County Builders, Mike Meister, and Kevin Reilly planning and then developing a forty-eight townhome development on plots of land near Mr. Sauers's home in an unpleaded year.³ These Developers worked with Lower Southampton Township officials including Township solicitor Michael Savona and Township official Robert Hoopes.⁴

*Mr. Sauers first begins fighting the development almost nine years ago.*

Mr. Sauers asked Bucks County Court of Common Pleas Judge Bateman Jr. for a writ of mandamus to stop the townhomes in August 2015.⁵ Judge Bateman Jr. dismissed the complaint with prejudice in 2016.⁶

The Developers then requested a zoning variance from the Township's Zoning Hearing Board to build the townhomes.⁷ Solicitor Savona collaborated with an unidentified developer to draw a new zoning map without notice to Mr. Sauers or other community members.⁸ The Developers and Township Officials removed parcels from Bucks County public records for the Project.⁹ The Developers paid the Township Officials to secure illegal documentation and "bypass proper legal channels."¹⁰

*Mr. Reilly and Mr. Meister make promises to Mr. Sauers.*

Messrs. Reilly and Meister promised Mr. Sauers at an unpleaded time they would leave eighty feet between the townhomes and Mr. Sauers's property line with a privacy fence.¹¹ They did not leave eighty feet or erect a privacy fence.¹²

*2017 Zoning Regulation*

The Township passed a zoning regulation allowing commercial use zoning in unpleaded locations in April 2017.[13]

***The Developers build the Townhomes.***

The Developers built the forty-eight townhomes on the plots of land near Mr. Sauers's home in an unpleaded year.[14] The townhomes cause traffic, noise, and pollution at Mr. Sauers's property.[15] Mr. Sauers lost hundreds of thousands of dollars.[16] The townhomes caused the partial collapse to his inground pool.[17]

*Pennsylvania investigates
Lower Southampton Zoning and Building Department.*

The Pennsylvania Department of Labor and Industry opened an investigation into the Lower Southampton Zoning and Building Department in August 2018 based on a publication titled "the Keystone Report" which detailed irregularities in the Lower Southampton Township Zoning Board's compliance with its required procedures. The Report specifically referred to Oak Properties, Ashley Property Management, and the townhomes near Mr. Sauers's property.[18]

***Township Officials plead guilty.***

Solicitor Savona pleaded guilty to one count of making a false statement for lying to federal investigators about his role in a Lower Southampton County bribery scheme.[19] Township Official Hoopes pleaded guilty to money laundering and extortion charges.[20]

***Judge Pratter dismisses Mr. Sauers's claims.***

Mr. Sauers sued the Developers in April 2019.[21] Mr. Sauers challenged the zoning decision which resulted in the rezoning of residential use to commercial use of the property near his home. He also challenged the Township's grant of a variance to the Developers and approval of the Townhomes Project at 531 West Street Road.[22] Mr. Sauers claimed the Developers violated his

3

civil rights and his constitutional rights to due process and equal protection by: (1) depriving him of notice or an opportunity to comment on the zoning ordinance, (2) not following proper municipal zoning procedures, (3) acting under a conflict of interest and exhibited favoritism in zoning enforcement, (4) using fake documentation, and (5) retaliating against him for objecting to rezoning efforts.[23] Mr. Sauers also tried to challenge Judge Bateman's 2016 decision in the mandamus proceedings arguing Judge Bateman Jr. prematurely dismissed the case due to the fraud. He also brought state law claims under the Pennsylvania Right to Know Law and Open Records Law. Mr. Sauers sought damages and a temporary injunction against the pending development.[24]

Judge Pratter dismissed all federal claims without prejudice for failure to state a claim in December 2019.[25] Judge Pratter dismissed Mr. Sauers's federal civil rights claims because he did not plead the Developers are state actors. She declined to exercise supplemental jurisdiction over the state law claims.[26]

Mr. Sauers moved to amend his Complaint.[27] Judge Pratter denied his motion finding the proposed amended complaint failed to state a claim because Mr. Sauers still did not plead facts showing the Developers are state actors.[28] Our Court of Appeals affirmed Judge Pratter's dismissal in March 2021.[29]

### *Mr. Sauers litigates his grievances in other courts.*

Mr. Sauers then addressed his grievances in other unidentified courts which also found for the Developers.[30] Mr. Sauers, for example, sued in the Court of Common Pleas in May 2023.[31] Mr. Sauers requested a jury and next of friend support.[32] Judge Robert O. Baldi denied Mr. Sauers's requests.[33]

*Mr. Sauers returns to our Court.*

Mr. Sauers now sues the Developers before us alleging they: (1) violated his First, Fifth, Seventh, and Fourteenth Amendment rights, (2) breached a verbal contract to provide Mr. Sauers with an eighty-foot setback off the property line and a privacy fence, (3) breached fiduciary duties for financial gain, (4) engaged in conflicts of interest, (5) defrauded the court, and (6) negligently or intentionally damaged property.[34] He suffered property damage, damage to reputation, financial damages, inconvenience, mental anguish, and loss of enjoyment of life. He seeks civil damages and punitive damages. Mr. Sauers requests assistance of counsel because he is mentally challenged.[35]

## II.  Analysis

The Developers move to dismiss Mr. Sauers's most recent federal lawsuit.[36] They argue we should dismiss Mr. Sauers's Complaint as (1) barred by the statute of limitations, (2) barred by collateral estoppel, and (3) legally insufficient.[37] Mr. Sauers opposes the Motion to dismiss repeating the allegations in his Complaint.[38]

We dismiss Mr. Sauers's First, Fifth, and Fourteenth Amendment claims with prejudice as barred by res judicata. We dismiss Mr. Sauers's vague Seventh Amendment claim with prejudice because Mr. Sauers cannot seek relief for a state court denying him a jury under the Seventh Amendment. We decline to exercise supplemental jurisdiction over the remaining state law claims. We deny Mr. Sauers's request for counsel as there is no further issue pending in our Court.

### A.  Mr. Sauers's First, Fifth, and Fourteenth Amendment claims are barred by res judicata.

The Developers argue we should dismiss Mr. Sauers's claims under the doctrines of collateral estoppel and the law of the case because Mr. Sauers brought these same claims in his 2016 mandamus before Judge Bateman, Jr. and in his 2019 lawsuit before Judge Pratter. Mr.

Sauers argues his Complaint is based on new facts. We dismiss Mr. Sauers's First, Fifth, and Fourteenth Amendment claims with prejudice as barred by res judicata.

The Developers argue we should dismiss Mr. Sauers's claims under the doctrine of collateral estoppel. The Developers are correct on preclusion but not under the doctrine of collateral estoppel. The claims are barred under the doctrine of res judicata instead. The two doctrines are distinct. "Issue preclusion, also known as collateral estoppel, bars relitigation of issues adjudicated in a prior action."[39] "Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit."[40] Collateral estoppel focuses on issues, whereas res judicata focuses on claims.[41] We examine Mr. Sauers's claims under the doctrine of res judicata, instead of collateral estoppel, because Mr. Sauers brings the same claims against the same parties involved in his 2019 lawsuit.[42]

A party seeking to invoke res judicata must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."[43] "In evaluating whether those elements exist, we do not proceed mechanically, 'but focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out of the same occurrence in a single suit.'"[44] "[R]es judicata bars not only claims that were brought in a previous action, but also claims that could have been brought."[45]

The first two elements are satisfied because Mr. Sauers's 2019 lawsuit before Judge Pratter involved a final judgment on the merits in a suit involving the same parties. Mr. Sauers sued the same Developers in 2019. Judge Pratter issued a final judgment on the merits when she dismissed Mr. Sauers's Complaint for failure to state a claim and then denied Mr. Sauers's motion for leave to amend his complaint—as our Court of Appeals affirmed.

We must then turn to the third element: whether Mr. Sauers's present lawsuit is based on the "same cause of action" as his 2019 lawsuit. "'[W]e take a broad view' of whether suits are based on the same cause of action."[46] We assess whether Mr. Sauers's claims in this case stem from "all or any part" of the events underlying the 2019 action.[47] "[E]ven if a second suit alleges new or different events, it is still based on the same cause of action if the new allegations 'seek[] recovery for essentially the same wrongful conduct' or a 'single course of wrongful conduct.'"[48] We ask "whether the acts complained of were the same, whether the material facts alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same."[49]

Res judicata bars some but not all of Mr. Sauers's federal claims. Res judicata bars Mr. Sauers's constitutional claims under the First, Fifth, and Fourteenth Amendments. Mr. Sauers in his 2019 lawsuit challenged (1) the zoning decision which resulted in the rezoning of residential use to commercial use of the property near his home, and (2) the Township's grant of a variance to the Developers and approval of the townhomes at 531 West Street Road. He also challenged the series of transactions related to these decisions, including Judge Bateman Jr.'s dismissal of his mandamus proceeding. He today alleges the Developers violated his rights to due process, equal protection, and free speech by evading municipal planning procedures, enacting zoning changes without providing notice to the public, and making unreasonable zoning decisions using bribes and while acting under conflicts of interest. Mr. Sauers's claims under the First, Fifth, and Fourteenth Amendments are based on the same underlying events as in his 2019 lawsuit: the Township's rezoning decision and grant of a variance. He even references the same facts alleged in his 2019 suit in the Complaint before us today. Res judicata bars these claims.

Mr. Sauers's claims under the First, Fifth, and Fourteenth Amendments are dismissed with prejudice because they stem from the same cause of action as the 2019 lawsuit.[50] We dismiss Mr. Sauers's Seventh Amendment claims.

### B. We cannot address Mr. Sauers's concerns with a jury denial in state court under the Seventh Amendment.

Res judicata does not bar Mr. Sauers's Seventh Amendment claim. Mr. Sauers pleads Judge Baldi denied him a jury trial in violation of the Seventh Amendment in 2023. Mr. Sauers did not, and could not, raise this claim in his 2019 lawsuit because the alleged conduct did not occur until 2023.

Mr. Sauers alleges the Developers violated his Seventh Amendment rights because Judge Baldi dismissed his case without a jury. Mr. Sauers does not and cannot sue Judge Baldi for his judicial decisions. Mr. Sauers does not plead facts connecting the Developers to Judge Baldi's decision. Mr. Sauers could have appealed in state court. But he cannot seek relief here for a state court denying him a jury under the Seventh Amendment.[51]

We dismiss Mr. Sauers's Seventh Amendment claims with prejudice.[52]

### C. We decline supplemental jurisdiction over Mr. Sauers's state law claims.

Mr. Sauers brings claims for breach of fiduciary duty, fraud on the court, breach of contract, and negligent or intentional property damage. We today dismiss all claims over which we have original jurisdiction. We decline supplemental jurisdiction over state law claims.[53] We dismiss Mr. Sauers's claims for breach of fiduciary duty, breach of contract, and negligent or intentional property damage.

We deny Mr. Sauers's request for counsel as there is no further issue pending in our Court.

**III.   Conclusion**

We dismiss Mr. Sauers's First, Fifth, and Fourteenth Amendment claims with prejudice as barred by res judicata. We dismiss Mr. Sauers's Seventh Amendment claim with prejudice because Mr. Sauers cannot seek relief for a state court denying him a jury under the Seventh Amendment. We decline to exercise supplemental jurisdiction over the remaining state law claims. We deny Mr. Sauers's request for counsel as futile as there is no further issue pending in our Court and we are not aware of grounds for counsel for plainly meritless claims.

---

[1] ECF No. 1 at 4 § III.A, 20.

[2] *Id.*

[3] Oak Property Management and Ashley Management Company are private property management companies. County Builders is a private real estate development company. Mr. Meister is the president of County Builders. *Id.* at 2 § B. Mr. Reilly works for County Builders. *Id.* at 3.

[4] *Id.* at 10, 13, 17.

[5] *Id.* at 14.

[6] *Id.*

[7] *Id.* at 15.

[8] *Id.*

[9] *Id.* at 20.

[10] *Id.* at 21. Mr. Sauers alleges the Developers "had a close nexus" with Solicitor Savona, Township Official Hoopes, Bucks County Judge John Waltman, and Attorney Michael E. Peters. *Id.* at 10. Mr. Sauers does not plead additional facts about Judge Waltman or Mr. Peters.

[11] *Id.* at 19.

[12] *Id.*

[13] *Id.* at 14.

[14] *Id.* at 19.

[15] *Id.*

[16] *Id.* at 10.

[17] *Id.* at 4 § C.

[18] *Id.* at 16.

[19] *USA v. Savona*, 18-32, ECF No. 6 (March 1, 2018).

[20] *USA v. Waltman et al*, 16-509, ECF No. 134 (Sept. 5, 2018).

[21] *Sauers v. Oak Property Management LP., et al.*, No. 19-1429, ECF No. 1 (Apr. 4, 2019).

[22] *Sauers v. Oak Prop. Mgmt. LP.*, No. 19-1429, 2019 WL 6690566, at *1 (E.D. Pa. Dec. 6, 2019).

[23] *Sauers*, No. 19-1429, ECF No. 1.

[24] *Sauers,* 2019 WL 6690566, at *2.

[25] *Id.* at *3.

[26] *Id.* at *4.

[27] Mr. Sauers attached a document titled "verified complaint" which Judge Pratter treated as an amended complaint. *See Sauers v. OAK Prop. Mgmt. LP*, No. 19-1429, 2020 WL 833576, at *1 (E.D. Pa. Feb. 20, 2020).

[28] *Id.* at *2.

[29] *Sauers v. Oak Prop. Mgmt. LP*, No. 20-1548, 2021 WL 1017109 (3d Cir. Mar. 17, 2021).

[30] ECF No. 1 at 12.

[31] *Id.* at 16.

[32] *Id.*

[33] *Id.* Mr. Sauers does not plead the contents of this case or its connection to the Developers.

[34] Mr. Sauers also vaguely asserts a claim for "violation of exercise of the municipality's police powers threats [sic] used to force Plaintiffs [sic] silence." ECF No. 1 at 18.

[35] *Id.* at 7.

---

[36] A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility … a defendant has acted unlawfully." *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)). Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

[37] ECF No. 5.

[38] ECF No. 8.

[39] *Scott v. Kookmin Best Ins. Co.*, No. 23-1654, 2024 WL 339096, at *1 (3d Cir. Jan. 30, 2024) (citations and quotation marks omitted).

[40] *Russomanno v. Dugan*, No. 21-2004, 2021 WL 4075790, at *2 (3d Cir. Sept. 8, 2021) (citation and quotations omitted).

[41] *See In re Samson Res. Corp.*, 786 F. App'x 364, 367 (3d Cir. 2019).

[42] *See Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised.") (internal citations and quotation marks omitted)

[43] *Russomanno*, 2021 WL 4075790, at *2 (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)).

[44] *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014)).

[45] *Russomanno*, 2021 WL 4075790, at *2 (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)).

[46] *Crimone v. McCabe Weisberg & Conway, P.C.*, 737 F. App'x 107, 109–10 (3d Cir. 2018) (citing *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999)).

[47] *Id.* at 110 (citations and quotation marks omitted).

[48] *Id.* (citing *Churchill*, 183 F.3d at 195).

[49] *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) (citation omitted).

[50] We do not need to consider the Developers' arguments based on statutes of limitations because we dismiss Mr. Sauers's claims with prejudice as barred by res judicata.

[51] *See Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 432 (1996) ("The Seventh Amendment . . . governs proceedings in federal court, but not in state court[.]").

[52] *See Will v. Agency*, No. 22-4394, 2022 WL 17252200, at *4 (E.D. Pa. Nov. 28, 2022) ("[I]f a complaint is obviously frivolous the district court may dismiss the complaint, even if the plaintiff has paid the filing fee.") (citations and quotation marks omitted).

[53] *See* 28 U.S.C. § 1367(c)(3).